IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **STEVEN MARKOS,**<br><br>    **Plaintiff,**<br><br> v.<br><br>**RV LIFE, LLC,**<br><br>    **Defendant.** | Case No.<br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Steven Markos ("Mr. Markos"), by and through his undersigned counsel, Duane Morris LLP, brings this suit against defendant RV Life, LLC ("Defendant") and for his Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501. Mr. Markos seeks compensatory and statutory damages in an amount to be established at trial, as well as injunctive and related relief.

### PARTIES

2. Mr. Markos is a well-known and highly regarded photographer and writer, who resides at 2606 Waters Edge Trail, Roswell, GA, 30075. Mr. Markos created and operates the National Parks Planner website (http://npplan.com), devoting countless hours to creating written and photographic catalogs of our country's national parks, among other historic places and sites of popular interest.

3. Upon information and belief, Defendant is a limited liability company duly organized and existing under the laws of Texas, with a principal place of business located in

Southlake, Texas.  At all times relevant to this lawsuit, Defendant has owned and operated a website used to conduct and promote its business and the businesses of affiliated companies found at the URL https://vanlifers.com/ (the "Website").

## JURISDICTION AND VENUE

4. This is a civil action seeking, in part, damages and injunctive relief on behalf of the Plaintiff based on a claim of copyright infringement under the Copyright Act of the United States. This Court has jurisdiction over the claims asserted by Mr. Markos under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper in this forum.  Upon information and belief, Defendant is organized under the laws of Texas with a principal business office located at 181 Grand Avenue, Suite 212, Southlake, Texas 76092.  Defendant has caused Mr. Markos to suffer harm by its actions in this state and judicial district, including without limitation the harm caused to Mr. Markos's exclusive copyrights by Defendant's infringement at issue in this lawsuit.

6. Pursuant to 28 U.S.C. §§ 1391 and 1400(a), venue properly lies in this Court because Defendant may be found in and / or conducts business in this District, including the business conduct giving rise to the copyright infringement claim asserted in this lawsuit.

## FACTUAL BACKGROUND

**A.    The Copyrighted Work**

7. In connection with his efforts to build and operate his National Park Planner website, Mr. Markos invested significant time and efforts documenting and photographing all aspects of the Padre Island National Seashore he believes his viewers would like to know and view in order to plan a visit to that protected coastland area.  As part of those efforts, Mr. Markos created

a photographic image of an area within the Padre Island National Seashore accessible to vans and campers (the "Copyrighted Work"), which he publishes on his National Park Planner website with copyright management information consistent with the "Notice of Copyright" provision of 17 U.S.C. § 401(b) affixed to the face of that image.  Attached hereto at **Exhibit A** is a true and accurate copy of Mr. Markos's Copyrighted Work as registered and published on his website.

8. Specifically, Mr. Markos publishes the Copyrighted Work on his website with the © symbol, the year of first publication and his name.  As a result, pursuant to 17 U.S.C. § 401(d) "no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages."

9. Mr. Markos timely obtained Certificate of Registration VA 2-297-470 from the United States Copyright Office for the Copyrighted Work (among other photographs), effective as of April 28, 2022.  Attached hereto at **Exhibit B** is a true and accurate copy of that Certificate of Registration.  The Copyrighted Work is included in the Certificate of Registration as "Padre-Island-034".

10. Mr. Markos owns all rights, title, and interests, including copyrights, in and to the Copyrighted Work, including the exclusive rights to reproduce, display, and distribute the Copyrighted Work and to bring infringement claims arising out of the unauthorized reproduction, distribution and display of the Copyrighted Work.

**B.    Defendant's Infringing Conduct**

11. At all times relevant to the claims asserted in this Complaint, Defendant has operated the Website to conduct and promote its business services in order to attract viewers and solicit purchases of its services and products and the services and products offered by affiliate companies.

12. Mr. Markos discovered that Defendant was infringing his exclusive copyrights by reproducing, publicly displaying and distributing the Copyrighted Work without Mr. Markos's authorization or other lawful permission for Defendant's commercial purposes at the following Website URL page:

- https://vanlifers.com/4-corpus-christi-locations-perfect-for-beach-camping

13. Defendant sought, and on information and belief has, earned revenues directly and / or indirectly from its infringing use of Mr. Markos's Copyrighted Work on the Website without paying Mr. Markos (or anyone else) for a license or other authorization to reproduce, display, distribute or otherwise use the Copyrighted Work.

14. A screenshot evidencing Defendant's infringing reproduction, distribution and public display of the Copyrighted Work, is attached hereto at **Exhibit C**.

15. Defendant's infringement of Mr. Markos's exclusive rights in the Copyrighted Work was willful. From the face of Defendant's infringing copy, it is clear that Defendant knew of Mr. Markos's ownership of the copyrights in the Copyrighted Work.

16. On information and belief, Defendant accessed the Copyrighted Work on Mr. Markos's website in order to make its infringing copy. In doing so, Defendant was informed that a license was required to make any copy of one of MR. Markos's images on that website.

17. On information and belief, Defendant ignored that notice and made an unauthorized, unlicensed copy of the Copyrighted Work from the National Park Planner website without obtaining, or even requesting, a license from Mr. Markos.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

18. Mr. Markos realleges paragraphs 1 through 17 above and incorporates them by reference as if fully set forth herein.

19. The Copyrighted Work is original work of authorship, embodying copyrightable subject matter, entitled to the full protection of the United States copyright laws.

20. Defendant has infringed and violated Mr. Markos's exclusive rights under the Copyright Act, 17 U.S.C. § 106 *et seq.*, in Copyrighted Work by copying, distributing and publicly displaying the Copyrighted Work on its commercial Website.

21. As a direct and proximate result of Defendant's infringement of the Copyrighted Work, Mr. Markos is entitled to an award of statutory damages in an amount to be determined after trial, up to but not to exceed the maximum statutory award of $150,000 for the Copyrighted Work should Defendant's infringements be found to have been willful, or up to but not to exceed $30,000 for the Copyrighted Work should Defendant's infringement not be found to have been willful.

22. Alternatively, and at Mr. Markos's election pursuant to 17 U.S.C. § 504(b), Mr. Markos shall be entitled to recover damages based on his lost profits and the disgorgement of Defendant's non-duplicative profits in connection with its commercial infringements of Mr. Markos's exclusive rights in the Copyrighted Work, which amounts will be proven at trial.

23. Mr. Markos is entitled to a declaration that Defendant has infringed Mr. Markos's copyrights in the Copyrighted Work in violation of the Copyright Act, and that such infringement was willful.

24. Mr. Markos also is entitled to seek recovery of his costs of this lawsuit, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

25. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Mr. Markos, unless enjoined by this Court. Mr. Markos has no adequate remedy at law. Accordingly, pursuant to 17 U.S.C. § 502, Mr. Markos is entitled to a permanent injunction prohibiting further infringement by Defendant of his exclusive rights in the Copyrighted Work.

## JURY DEMAND

Mr. Markos hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, Mr. Markos respectfully asks that Defendant be cited to appear and that the Court enter judgment in Mr. Markos's favor as follows:

1. A declaration that Defendant has infringed Mr. Markos's exclusive rights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement was willful;

3. An award to Mr. Markos of his actual damages and disgorgement of Defendant's non-duplicative profits under 17 U.S.C. § 504(b) in amounts as shall be determined at trial;

4. Alternatively, at Mr. Markos's election prior to final judgment entering, an award of statutory damages pursuant to 17 U.S.C. § 504(c), in an amount determined at trial up to a maximum of $150,000 should Defendant's infringement be determined to have been willful, or up to a maximum of $30,000 should Defendant's infringement not be found to have been willful;

5. An award to Mr. Markos of his costs and expenses incurred in this action, including his reasonable attorney's fees, as authorized by 17 U.S.C. § 505;

6. An award of interest, including pre-judgment interest, on the foregoing sums in favor of Mr. Markos;

7. A permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a) directly or indirectly infringing Mr. Markos's copyrights in the Copyrighted Work;

(b) directly or indirectly creating, reproducing, publicly displaying or distributing any work derived or copied from Mr. Markos's Copyrighted Work; and

(c) directly or indirectly participating or assisting any such activity; and

8. Any such other and further relief as the Court may deem just and proper.

Dated: October 6, 2023

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Joakim G. Soederbaum*
Joakim G. Soederbaum
Texas State Bar No. 24091338
777 Main Street, Suite 2790
Fort Worth, TX 76102
Tel: 817-704-1056
Fax: 817-887-2304
JSoederbaum@duanemorris.com

*Counsel for Plaintiff Steven Markos*